UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMED CHARTAEV,<br><br>Defendant. | No. 2:11-cr-00514-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Ahmed Chartaev's ("Defendant") motion to extend his self-surrender date by 30 days. (ECF No. 573.) The Government filed an opposition. (ECF No. 575.) For the reasons set forth below, Defendant's motion to extend his self-surrender date by 30 days is DENIED.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2017, Defendant pleaded guilty to a one-count superseding information for conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1343. (ECF Nos. 105, 107.) Defendant subsequently filed no less than 25 motions to continue his sentencing. (ECF Nos. 401, 410, 418, 424, 431, 434, 438, 444, 451, 457, 468, 479, 486, 493, 496, 514, 523, 533, 537, 540, 543, 548, 553, 555, 557.) On August 25, 2022, over five years after his change of plea hearing, the Court sentenced Defendant to a 30-month term of imprisonment. (ECF Nos. 562, 563.) The Court ordered Defendant to self-surrender at the institution designated by the Bureau of Prisons ("BOP") before 2:00 p.m. on November 28, 2022. (ECF No. 563 at 2.) On November 10, 2022, Defendant filed the instant motion to extend his self-surrender date by 30 days. (ECF No. 573.) The Government filed an opposition on November 15, 2022. (ECF No. 575.)

### II. ANALYSIS

Defendant raises four main arguments in support of his motion to extend his self-surrender date: (1) Defendant has a scheduled medical appointment on December 6, 2022, to "review and adjust or replace his insulin pump, its algorithms, and monitoring equipment as needed so it will all be in working order when he reports to prison;" (2) counsel seeks additional time to discuss appellate and post-conviction matters with Defendant; (3) Defendant wishes to spend Christmas with his family; and (4) Defendant is at a high risk due to COVID-19 at FCI Lompoc. (ECF No. 573.)

The Government opposes the motion arguing Defendant's diabetes appeared to be under control at sentencing and, to the extent additional medical care is needed, BOP is well positioned to provide such care. (ECF No. 575 at 1–2.) The Government further argues defense counsel's desire to consult with Defendant outside of custody lacks a showing of necessity and Defendant's desire to remain out of custody during the holidays, though understandable, is not cause for an extension of the self-surrender date. (*Id.* at 2–3.) Finally, the Government argues the COVID-19 risks outlined by Defendant do not constitute good cause for extending Defendant's self-surrender date and Defendant fails to articulate how this 30-day extension ameliorates Defendant's COVID-19 risk. (*Id.* at 2.)

Turning to Defendant's first argument related to his medical appointment scheduled for December 6, 2022.  The Court has previously rejected Defendant's ongoing medical conditions as a good cause basis to further continue this case.  Indeed, the Court noted at sentencing and reaffirms here that BOP can manage Defendant's medical conditions, including his type I diabetes.  Defendant's position in the instant motion is not that BOP will be unable to manage his medical conditions.  Rather, Defendant requests this 30-day extension to allow his treating physician to evaluate his current medical conditions to ensure a stable medical status upon entry into custody.  As the Government points out, Defendant's diabetes appeared to be under control at sentencing.  Further, BOP is well positioned to evaluate his current medical condition to ensure his medical status is stable upon imprisonment. The Court finds Defendant's medical appointment does not constitute good cause for the 30-day extension.

Further, Defendant's remaining arguments do not constitute good cause for a 30-day extension of his self-surrender date.  Though it may be more convenient for counsel to prepare and consult with Defendant out of custody, it is not necessary for him to do so.  Appellate and post-conviction attorneys in this district and across the country zealously and effectively represent their in-custody clients, and the Court is confident counsel here will find a way to do so in this case.  The Court is also cognizant of the upcoming holiday season.  However, Defendant's desire to spend the holidays with his family is not good cause to further postpone Defendant's prison sentence as it is well-past time for Defendant to begin his custodial term.  Finally, Defendant's COVID-19 argument is perplexing.  It is unclear how Defendant's asserted COVID-19 risk relates at all to his requested 30-day extension.  As the Government obverses, Defendant fails to discuss "how a 30-day extension of his self-surrender date effectively ameliorates his chances of contracting COVID-19," and this Court can think of none.  (ECF No. 575 at 2.)  Further, the Court has already affirmed that BOP is more than capable of managing Defendant's medical conditions, which includes managing his COVID-19 risk.

Lastly, the Court is aware of the delays in this case resulting from Defendant's numerous motions to continue.  The delays end here.  No further extension will be provided in this case.

**III.     CONCLUSION**

For the foregoing reasons, Defendant's motion to extend his self-surrender date by 30 days is denied. Defendant is to self-surrender at the institution designated by the Bureau of Prisons before 2:00 p.m. on November 28, 2022.

IT IS SO ORDERED.

**DATED: November 17, 2022**

Troy L. Nunley
United States District Judge