1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    No.  2:11-cr-00514-TLN

12                 Plaintiff,

13          v.                                     **ORDER**

14   AHMED CHARTAEV,

15                 Defendant.

16

17          This matter is before the Court on Defendant Ahmed Chartaev's ("Defendant") motion for

18   bond pending appeal pursuant to 18 U.S.C. § 3143(b)(1).  (ECF No. 578.)  The Government filed

19   an opposition.  (ECF No. 579.)  Defendant filed a reply.  (ECF No. 580.)  For the reasons set forth

20   below, Defendant's motion for bond pending appeal is DENIED.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2017, Defendant pleaded guilty to a one-count superseding information for conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1343.  (ECF Nos. 105, 107.)  Defendant subsequently filed no less than 25 motions to continue his sentencing.  (ECF Nos. 401, 410, 418, 424, 431, 434, 438, 444, 451, 457, 468, 479, 486, 493, 496, 514, 523, 533, 537, 540, 543, 548, 553, 555, 557.)  On August 25, 2022, over five years after his change of plea hearing, the Court sentenced Defendant to a 30-month term of imprisonment.  (ECF Nos. 562, 563.)  The Court ordered Defendant to self-surrender at the institution designated by the Bureau of Prisons ("BOP") before 2:00 p.m. on November 28, 2022.  (ECF No. 563 at 2.)  On November 10, 2022, Defendant filed a motion to extend his self-surrender date by 30 days.  (ECF No. 573.)  The Court denied Defendant's motion to extend his self-surrender date.  (ECF No. 577.)  On November 21, 2022, seven days prior to his self-surrender date, Defendant filed the instant motion for bond pending appeal.  (ECF No. 578.)  On November 28, 2022, the Government filed an opposition and on November 29, 2022, Defendant filed a reply.  (ECF Nos. 579, 580.)

## II.    STANDARD OF LAW

The Court has the authority to release a defendant pending appeal under 18 U.S.C. § 3143(b)(1), which reads:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration

2

of the appeal process.

18 U.S.C. § 3143(b)(1).  "[A] substantial question is one that is fairly debatable . . . or fairly doubtful.  In short, a substantial question is one of more substance than would be necessary to a finding that it was not frivolous."  *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations and quotation marks omitted).

### III.   ANALYSIS

Defendant argues release is "mandated" in the instant case because he has satisfied each of the conditions for release pending appeal.  (ECF No. 578 at 3.)  Specifically, Defendant argues: (1) he is neither likely to flee nor a danger to the community; (2) his appeal is not for the purpose of delay; and (3) his appeal raises substantial questions of law or fact likely to result in reversal, a new trial, or a sentence that does not include a term of imprisonment.  (*Id.* at 3–5.)

The Government concedes that Defendant is not a flight risk or a danger to the community but challenges the remaining arguments advanced by Defendant.  First, the Government asserts the significant delay resulting from Defendant's copious motions to continue his sentencing, in conjunction with this recent motion to extend his self-surrender date by 30-days, suggests that Defendant's motive here is to further delay serving his sentence.  (ECF No. 579 at 3.)  Second, the Government argues Defendant's appeal does not raise a substantial question of law or fact as neither argument advanced by Defendant on appeal is fairly debatable or likely to result in reversal and remand for re-sentencing.  (*Id.* at 3-4.)

The Court agrees with Defendant and the Government that Defendant is not likely to flee or pose a danger to the community.  The Court also concludes there is insufficient evidence to suggest Defendant's appeal is intended to further the already significant delay in this case.  However, as discussed below, Defendant's appeal does not raise substantial questions of law or fact likely to result in reversal.

Defendant's appeal faces multiple hurdles including an appeal waiver contained in his plea agreement and the Court's consideration of his immigration consequences during his sentencing hearing.  Despite these hurdles, Defendant argues his appeal raises two substantial issues: (1) whether the Court erred in failing to consider the adverse immigration consequences to

Defendant in determining the appropriate sentence under 18 U.S.C. § 3553(a); and (2) whether trial counsel rendered ineffective assistance in failing to raise the issue of severe immigration consequences in Defendant's Sentencing Memorandum and instead waiting until the sentencing hearings to raise the argument.  (ECF No. 378 at 4.)  The Court will first address the appeal waiver and then the merits of the issues on appeal.

       A.     Appeal Waiver[1]

"Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made."  *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270–71 (9th Cir. 1998)).  Pursuant to the first requirement, a court must determine whether the agreement, by its terms, waives the right to appeal.  In doing so, a court will apply contract principles, including the parol evidence rule.  *United States v. Ajugwo*, 82 F.3d 925, 928 (9th Cir. 1996).  Under the parol evidence rule, a court looks to, and enforces, the plain language of a contract and does not look to "extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument."  *Wilson Arlington Co. v. Prudential Ins. Co. of Am.*, 912 F.2d 366, 370 (9th Cir.1990) (citing *Trident Ctr. v. Conn. Gen. Life Ins. Co.*, 847 F.2d 564, 568–69 (9th Cir. 1988)).

The plea agreement signed by Defendant states in relevant part:

> The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum(s) for the offense(s) to which he is pleading guilty.

> Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.

(ECF No. 327 at 9.)

---

[1]    The Government raises the issue of Defendant's appeal waiver on page 3 of their opposition but fails to fully develop its argument.  (ECF No. 378 at 3.)  The Court addresses the issue in full here.

The plea agreement is clear and its terms unambiguous — by signing the agreement, Defendant waived his right to appeal any sentence below the statutory maximum.  In the instant case the Court sentenced Defendant to the low end of the guidelines, well below the statutory maximum, and the Government did not appeal the sentence.  (ECF No. 563.)  The waiver's language is unmistakable, under these circumstances Defendant has waived his appellate rights.  For this reason, the language of the plea agreement encompasses Defendant's right to appeal and unambiguously waives this right.

The second requirement for a valid waiver is that the defendant's waiver of his appellate rights was knowing and voluntary.  *Nunez*, 223 F.3d at 958.  In the instant case, Defendant's waiver was knowing and voluntary.  As outlined above, the plea agreement clearly articulates a waiver of Defendant's appellate rights.  Further, by signing the plea agreement, Defendant attested: "I have read the plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it."  (ECF No. 327 at 11.)  Indeed, Defendant's understanding and consent is confirmed by the transcripts of Defendant's change of plea hearing. On three occasions, the Court inquired if Defendant understood that by entering a plea of guilty Defendant would be giving up his right to appeal the sentence in this case.  (ECF No. 571 at 12, 17.)  Each time when asked if he understood this appeal waiver, Defendant responded in the affirmative.  (*Id.* at 13, 17.)  Because Defendant's appeal waiver in his signed plea agreement was unambiguous and because he knowingly and voluntarily waived his appeal rights, his appeal will likely be dismissed.

Defendant addresses the issue of waiver in a single footnote in his opening appellate brief asserting: (1) the Court did not make any express findings that Defendant knowingly, intelligently, and voluntarily waived his right to appeal during the change of plea colloquy; and (2) that the waiver should not be enforced because counsel's ineffective assistance in representing Defendant rendered his waiver invalid.  Brief for Defendant-Appellant at n. 1, *United States v. Ahmed Chartaev*, No. 22-10223 (9th Cir. Nov. 21, 2022), ECF No. 4.  As discussed above, the Court did inquire on multiple occasions whether Defendant understood he was giving up his rights to appeal and each time Defendant stated affirmatively that he did.  (ECF No. 571 at 12–13,

17.)  Further, the Court confirmed on multiple occasions that Defendant was entering into the plea voluntarily.  (*Id.* at 11, 17.)  After these confirmations the Court made a specific finding that "in the case of *United States v. Ahmed Chartaev* . . . the Defendant is fully . . . competent and capable of entering an informed plea . . . and that the defendant has made a voluntary, knowing, and intelligent waiver of his constitutional rights."  (*Id.* at 21.)  Accordingly, the Court made express factual findings that Defendant was competent and capable of entering his plea and that his appeal waiver was knowing and voluntary.

Defendant's second argument that his waiver is invalid because of his ineffective assistance of counsel fails as a matter of law.  This is because "a[] [direct] appeal that includes an ineffective assistance of counsel at sentencing argument is still an appeal from one's sentence." *Nunez*, 223 F.3d at 959.  Accordingly, "one waives the right to argue ineffective assistance of counsel at sentencing on direct appeal when one waives the right to appeal the sentence." *Id.*  In other words, Defendant's ineffective assistance of counsel claim cannot combat the issue of waiver because his ineffective assistance of counsel claim itself is waived.  Because Defendant's appeal waiver is valid and his arguments to the contrary lack legal basis, his appeal does not raise substantial questions of law or fact likely to result in reversal.

B.      Merits of Issues Presented on Appeal

Even if the appeal were not likely to be dismissed because of a valid appeal waiver, the merits arguments presented by Defendant do not raise a substantial issue of law or fact likely to result in reversal.  The Ninth Circuit will "reverse [a district court's] sentence only where it was procedurally erroneous or substantively unreasonable." *United States v. Ruiz-Apolonio*, 657 F.3d 907, 910 (9th Cir. 2011).  "It would be procedural error for a district court to fail to calculate — or to calculate incorrectly — the Guidelines range . . . or to fail adequately to explain the sentence selected, including any deviation from the Guidelines range." *Id.*  "The explanation must be sufficient to permit meaningful appellate review." *Id.* (internal quotation marks omitted).  "While the district court need not . . . articulate in a vacuum how each § 3553(a) factor influences its determination of an appropriate sentence, when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should

1    normally explain why he accepts or rejects the party's position." *Id.* at 910–11 (internal quotation

2    marks omitted).  "That said, lengthy explanations of sentencing decisions are not necessary if the

3    record makes clear that the sentencing judge considered the evidence and arguments." *Id.* at 911

4    (internal quotation marks omitted).

5           Defendant first argues the Court erred in failing to consider the adverse immigration

6    consequences to Defendant in determining the appropriate sentence under 18 U.S.C. § 3553(a)

7    ("§ 3553(a)").  (ECF No. 378 at 4.)  This is unsupported by the record.  As an initial matter the

8    Court advised Defendant of the immigration consequences of his plea generally.  The Court asked

9    Defendant if he understood "that your plea of guilty in this case could result in your being

10   deported, denied naturalization and/or admission to the United States in the future," to which

11   Defendant responded "Yes, Your Honor."  (ECF No. 571 at 14.)  Further, during the change of

12   plea hearing the Government read the terms of the plea agreement, which included an agreement

13   that Defendant "understands that there are, potentially, immigration consequences for his plea of

14   guilty to this charge."  (*Id.* at 12.)  When the Court asked if Defendant understood these terms,

15   Defendant responded "Yes."  (*Id.*)

16          Further, as highlighted by the Government, the Court did address and consider the

17   immigration consequences in its analysis pursuant to § 3553(a).  The Court stated "one of the

18   things that the Court takes great pains doing is the Court makes it a point to advise defendants of

19   the consequences of pleading guilty to a felony, and the immigration consequences.  And you

20   know, I—I'll consider immigration consequences.  And, in fact, even taking that into

21   consideration, the sentence that is recommended by probation is still an appropriate sentence."

22   (ECF 578-2 at 24.)  Further, even if the Court had not considered the immigration consequences

23   in making its sentencing determination, the Court is skeptical of Defendant's argument that a

24   sentencing court "must—consider potential immigration consequences of a conviction if raised by

25   a party as a factor to vary from the guideline range."  Brief for Defendant-Appellant at 10, *United

26   States v. Ahmed Chartaev*, No. 22-10223 (9th Cir. Nov. 21, 2022), ECF No. 4.  The authority

27   cited by Defendant in his opening brief does not appear to support this proposition, and the

28   Court's review of Ninth Circuit law found a dearth of post *Booker* cases addressing the issue.  In

1   any case, this argument does not present substantial issues of law or fact that will likely result in

2   reversal.

3          Defendant's second argument regarding his ineffective assistance of counsel at sentencing

4   is waived and thus cannot present a substantial issue of law or fact.  *Nunez*, 223 F.3d at 959.

5   Thus, neither argument presented on appeal raises substantial issues of law or fact that will likely

6   result in reversal or re-resentencing because the Defendant fails to assert any legal argument that

7   is "fairly debatable."  *Handy*, 761 F.2d at 1283.

8          **IV.    CONCLUSION**

9          For the foregoing reasons, Defendant's motion for bond pending appeal pursuant to 18

10  U.S.C. § 3143(b)(1) is DENIED.  (ECF No. 578.)  The hearing set for December 15, 2022, at

11  9:30 a.m. is VACATED.

12         IT IS SO ORDERED.

13  **DATED:  December 12, 2022**

14                                          Troy L. Nunley
                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28