UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMED CHARTAEV,<br><br>Defendant. | No.  2:11-cr-00514-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Ahmed Chartaev's ("Defendant") Motion to Vacate and/or Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 586.)  The Government filed an opposition.  (ECF No. 593.)  Defendant filed a reply.  (ECF No. 594.)  For the reasons set forth below, Defendant's motion is DENIED.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2017, Defendant pleaded guilty to a one-count superseding information for conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1343.  (ECF Nos. 356, 360.)  On August 25, 2022, over five years after his change of plea hearing, the Court sentenced Defendant to a 30-month term of imprisonment.  (ECF Nos. 562, 563.)  The Court ordered Defendant to self-surrender at the institution designated by the Bureau of Prisons ("BOP") before 2:00 p.m. on November 28, 2022.  (ECF Nos. 563 at 2, 577.)  Defendant is currently serving his sentence at FCI Terminal Island.  (ECF No. 595 at 1.)

On March 24, 2023, Defendant filed a motion to vacate and/or reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 586.)  On April 7, 2023, the Government filed an opposition and on April 13, 2023, Defendant filed a reply.  (ECF Nos. 593, 594.)  Defendant filed a supplemental statement to his motion on May 23, 2023.  (ECF No. 595.)

### II. STANDARD OF LAW

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to this general rule.  Relief under 18 U.S.C. § 3582(c)(1)(A), however, is only available

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A).

A defendant is eligible for compassionate release only if the defendant can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement "may inform a district court's discretion," but is not binding on compassionate release motions filed by defendants.  *United States v. Aruda*,

2

993 F.3d 797, 802 (9th Cir. 2021).  Thus, district courts have discretionary authority in determining whether to classify reasons provided by defendants as "extraordinary and compelling" in compassionate release motions.  *See id.* at 801–02.

In addition to "extraordinary and compelling" reasons, district courts may and often do evaluate whether the defendant demonstrates that they are "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); *see United States v. Capito*, No. 10-cr-8050-PCT, 2021 WL 4552954, at *2 (D. Ariz. Oct. 5, 2021).  The Ninth Circuit recently clarified, "[t]his dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i), but [it] is part of the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13(2)." *Aruda*, 993 F.3d 799.  Thus, the defendant's dangerousness is persuasive, but not binding.  *Id.* at 802.

Finally, courts must consider the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors before granting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  The § 3553(a) factors consist of

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing ranges established [by the Sentencing Guidelines]; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense

18 U.S.C. § 3553(a)(1–7).  Courts must evaluate the § 3553(a) factors "to the extent that they are applicable" in order to determine whether they support a shorter sentence.  *Aruda*, 993 F.3d 800.

### III.  ANALYSIS

#### A.  Exhaustion

A defendant must first exhaust all administrative remedies before bringing forth a compassionate release motion.  *See* 18 U.S.C. § 3582(c)(1)(A).  In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement.  Defendant made a request to the warden on January 18, 2023.  (ECF No. 586 at 5.)  The warden denied Defendant's request on January 31, 2023.  (*Id.*)  Thus, Defendant has exhausted his administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A).

///

B. <u>Extraordinary and Compelling Reasons</u>

Defendant first argues the BOP is unable to properly handle what Defendant classifies as his "unusually severe" form of diabetes. (ECF No. 586 at 7.) This, Defendant asserts, constitutes an extraordinary and compelling reason for release. (*Id.*) To support this argument, Defendant provides a series of medical reports, including reports from Defendant's endocrinologist, Dr. Tay. (*Id.*; *see also* ECF Nos. 561-2, 561-3.) These reports note that Defendant has type 1 diabetes mellitus that is "a chronic, life-long condition in which insulin is a necessary 'lifesaving' hormone treatment." (*Id.*) Dr. Tay's report also notes that Defendant's condition is "considered in excellent control" while on specific therapy that includes the use of an insulin pump and glucose monitoring supplies ("CGMS"). (*Id.*) Defendant argues that since entering custody the BOP has fumbled in addressing his medical needs. (ECF No. 586 at 8.) Specifically, Defendant asserts he was initially not provided an insulin pump and CGMS and was thus placed in "a potentially life threatening situation." (*Id.*) Defendant asserts that since his pump was returned there have been further complications, including issues related to payment for his insulin, and a lack of access to his pump charger and other supplies while in his cell. (*Id.*) Defendant contends as a result of these complications he went into diabetic shock at the prison. (*Id.*)

Defendant provided a letter from Dr. Charles Howard, a former medical director at Miami Federal Detention Center, which concluded Defendant's diabetes has not been well controlled in prison. (*Id.* at 9, ECF No. 586-5 at 4.) Based on the opinions in these reports and the evidence presented, Defendant argues he has met his burden of establishing extraordinary and compelling reasons for release warranting a change in his sentence from prison to home confinement. ECF No 586 at 10.) Recently, however, Defendant was transferred to FCI Terminal Island. (ECF No. 595 at 1.) Defendant argues despite the facility transfer, the BOP is still unable to adequately control his diabetes. (*Id.* at 1–2.) Defendant contends he is the only person in the prison with a glucose pump, the prison requires him to pay for his specialized insulin and supplies with his own insurance, he is unable to properly adjust his glucose monitoring system without access to the internet, and he is still not allowed to keep his charger and supplies with him. (*Id.*)

In opposition the Government argues BOP has demonstrated that it can care for inmates

1    like Defendant by monitoring and treating his health conditions as needed.  (ECF No. 593 at 9.)
2    The Government points out that the medical records indicate that BOP medical staff have been
3    able to monitor Defendant's conditions and treat them.  (*Id.*)  The Government asserts that
4    although Defendant states he went into insulin shock and Dr. Howard suggests Defendant has
5    missed insulin doses, the record does not reflect either.  (*Id.*)  The Government notes there is no
6    evidence that Defendant is in immediate distress or life-threatening danger.  (*Id.*)  Indeed, the
7    Government contends the BOP took steps to assist Defendant in procuring his insulin through his
8    insurance provider.  (*Id.* at 9–10.)

9        Having considered all filings, the Court finds Defendant has not established extraordinary
10   and compelling reasons for release.  There is no evidence before the Court that the BOP is unable
11   to care for Defendant's medical needs.  The Court agrees that there may have been an initial
12   adjustment period regarding Defendant's use of the insulin pump and CGMS while in custody.
13   However, it appears from the medical records that the BOP has worked to adjust their care to
14   accommodate the needs of Defendant.  Indeed, Defendant's transfer to FCI Terminal Island, a
15   facility with greater medical capabilities, is demonstrative of BOP's efforts to adapt to
16   Defendants specific medical needs.  Further, there is no evidence in the record that Defendant
17   faces significant issues at FCI Terminal Island as the majority of Defendant's arguments relate to
18   alleged deficiencies at FCI Lompoc.  Based on the record before the Court, the BOP appears
19   willing and able to provide the needed care for Defendant during the remainder of his 30-month
20   sentence.

21       Defendant further argues his heightened risk of COVID-19 complications is an
22   extraordinary and compelling reason for release.  This argument, in part, is premised on FCI
23   Lompoc's "long history of poorly handling the COVID-19 pandemic."  (ECF No. 586 at 11.)  As
24   Defendant is no longer housed at FCI Lompoc, this argument is largely moot.  However, even
25   considering the merits of Defendant's COVID-19 argument, the Court is unpersuaded that
26   Defendant's COVID-19 risk rises to the level of extraordinary and compelling reasons for release.
27   Defendant provides nothing more than conclusory statements regarding the heightened risks
28   diabetics face regarding COVID-19 with no connection to any specific risk attributable to

Defendant's health condition. This unconnected and conclusory argument does not establish an extraordinary and compelling reason for release.

### C. § 3553(a) factors

Further, the § 3553(a) factors counsel against compassionate release at this time. Defendant's offense conduct included a large fraud scheme involving the funding of approximately $2,590,211.40 in residential mortgage loans and home equity lines of credit resulting in a total loss amount of $1,106,497.66. (ECF No. 561 at 10–11.) Defendant has unique characteristics, which include his low criminal history score and his Type I Diabetes. These factors were considered during sentencing and are reflected in Defendant's below guidelines sentence of 30 months. There is no evidence or information before the Court now that was not before the Court at sentencing. Absent such a change in circumstance or novel development, the Court cannot justify a modification to Defendant's original sentence.

Defendant argues the current sentence is not needed to satisfy the purpose of sentencing because the underlying mortgage fraud took place in 2007 and Defendant's four months in prison have been sufficiently severe. (ECF No. 586 at 12.) This argument is unavailing. The length of time between the underlying offense and the start of Defendant's sentence is in large part due to Defendant's 25 requests to continue his sentencing. (ECF Nos. 401, 410, 418, 424, 431, 434, 438, 444, 451, 457, 468, 479, 486, 493, 496, 514, 523, 533, 537, 540, 543, 548, 553, 555, 557.) Further, there is little evidence to indicate that Defendant's sentence has thus far been so severe as to justify converting the remainder of the sentence to home confinement. Accordingly, the Court finds Defendant is not entitled to a sentence reduction or modification under the § 3553(a) factors.

///
///
///
///
///
///

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Vacate and/or Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 586.)

IT IS SO ORDERED.

DATE:  June 7, 2023

　　　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　　　United States District Judge